UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **KELLI J. YOUNG and TIMOTHY J. YOUNG, on behalf of themselves and all others similarly situated,** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:04-CV-0113 - SEB - VSS |
| **LAWRENCE M. REUBEN and Law Offices of LAWRENCE M. REUBEN,** | ) ) ) | |
| Defendant. | ) | |

## ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS AMENDED COUNTERCLAIM

  This is a Fair Debt Collection Practices Act case, brought by Plaintiffs to recover damages against Defendants for alleged violations occurring under that statute, 15 U.S.C. § 1692, *et seq.* Defendants filed an Answer denying the allegations in the Complaint, as well as asserting Affirmative Defenses and an Amended Counterclaim. It is the Amended Counterclaim which receives the Court's consideration here, based on Plaintiffs' Motion to Dismiss maintaining that the claim is improperly cast as a counterclaim and the Court lacks jurisdiction over it, under Rules 12(b)(1) and (6), F.R.Civ.P.

  Defendants' Counterclaim is expressly based on 15 U.S.C. § 1692k(d). stating that Plaintiffs' Complaint "was brought and continues to be litigated in bad faith and for the purpose of harassment in violation of 15 U.S.C. § 1692(a)(3)" in the particular ways further specified in that pleading.

  Section 1692k provides generally for civil liability for violations of the Fair Debt Collection Practices Act. Section (a) details the amount of damages available against "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount

equal to the sum of – (1) any actual damage sustained by such person as a result of such failure; ... (2)(A) [liquidated damages not to exceed $1000]; 2(B) [class action allocations of damages]; (3) [costs and attorneys fees]."  Paragraph (3) then provides:  <u>On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.</u> (Emphasis supplied)  This is the source of what Defendants' have denominated their "counterclaim." [1]

     We view Defendants' "Counterclaim" to be less an independent claim for relief than it is a heads-up to Plaintiffs and the Court that, after an adjudication of the primary claim, Defendants intend to pursue their statutory entitlement to attempt to prove that Plaintiffs' lawsuit against them was brought in bad faith and for the purpose of harassment.  This procedural rejoinder by Defendants is not a counterclaim, compulsory or permissive, because it is not in and of itself a cause of action recognizing established rights or requiring an independent jurisdictional basis.  The statute under which Plaintiffs have brought their lawsuit, in addition to providing a remedy to them for violations of the protections contained there, accords to Defendants an opportunity to ameliorate any harm that might have arguably befallen them if the litigation proves to have been ill-founded.  If Plaintiffs' lawsuit against Defendants is brought in bad faith for purposes of harassing Defendants, the statute allows Defendants' to recoup their attorney fees from Plaintiffs. But such a determination is not made unless the Court concludes after Plaintiffs' case is resolved that the Plaintiffs' case had, indeed, been brought in bad faith and for the purpose of harassment.[2]

     In short, what Defendants have  advanced here is nothing more than a

---

[1] Section 1692k(d), which Defendants also reference in the "Counterclaim", simply places jurisdiction for such actions in the federal district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year of the alleged violation. It is immaterial to our analysis here, however.

[2] Defendants' entitling their filing as a "Notice" would no doubt have prevented some of the resultant confusion as well the needless briefing surrounding the Motion to Dismiss.

conditional claim, one that is contingent upon, and will not ripen unless and until the Court concludes that Plaintiffs' case against Defendants was the result of Plaintiffs' bad faith and intent to harass Defendants.  That decision, obviously, cannot and should not be made until the primary dispute is resolved between/among the parties.

Accordingly, we reserve consideration of Defendants' fees-shifting request until the merits of Plaintiffs' case have been finally resolved.  Should Plaintiffs' case proceed to resolution by jury, Defendants' bad faith/harassment allegations will not be presented to the jury, but shall be addressed, if at all, by the Court following the jury's verdict on the merits of Plaintiffs' claims and Defendants' Affirmative Defenses, and assuming the Court concurs in a bad faith finding.

Plaintiffs' Motion to Dismiss Defendants' Amended Counterclaim (as such) is therefore **GRANTED, BUT THE ISSUES RAISED THEREIN ARE NONETHELESS PRESERVED FOR LATER RESOLUTION BY THE COURT** following trial on the merits of the primary action.

IT IS SO ORDERED.

Date: _____     _____
                                   ARAH EVANS BARKER, JUDGE
                                   nited States District Court
                                   outhern District of Indiana

Copy to:

Clifford W. Shepard
consprolaw@aol.com

David E. Wright
KROGER GARDIS & REGAS
dew@kgrlaw.com