UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KELLI J. YOUNG and | ) | |
| TIMOTHY J. YOUNG, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|   v. | ) | 1:04-CV-0113-SEB/VSS |
| LAWRENCE REUBEN | ) | |
| and LAW OFFICE OF | ) | |
| LAWRENCE M. REUBEN, | ) | |
|     Defendants. | ) | |

## ENTRY DENYING PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS

Plaintiffs' Motion for Attorney Fees and Costs is DENIED because they were not a prevailing party as defined in the Fair Debt Collection Practices Act ("FDCPA"). The Seventh Circuit recently affirmed that a plaintiff in a FDCPA action "[is] entitled to an award of fees or costs only if his suit could be characterized as a 'successful action to enforce the foregoing liability,' 15 U.S.C. § 1692k(a)(3), meaning liability for either actual or statutory damages." Dechert ex rel. Estate of Oyler v. Cadle Co., ___ F.3d ____ (7th Cir. 2006) (decided March 16, 2006). The Seventh Circuit explained: "The general, indeed all but invariable, rule is that to be a prevailing party and therefore entitled to an award of fees and costs, you either must obtain a judgment that provides you with formal relief, such as damages, an injunction, or a declaration that you can use if necessary to obtain an injunction or damages later, or must obtain a settlement that gives you similar relief." Id. (string cite omitted). Like the plaintiff in Cadle, Kelli J. Young and Timothy

J. Young obtained neither and, thus, are not entitled to an award of attorney fees and costs.  IT IS SO ORDERED.

Date:  03/17/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copy to:

Clifford W. Shepard
consprolaw@aol.com

David E. Wright
dew@krglaw.com